People v Woodward (2020 NY Slip Op 07742)





People v Woodward


2020 NY Slip Op 07742


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


588.2 KA 18-00801

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT WOODWARD, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRENNA J. RYAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered February 8, 2018. The judgment convicted defendant upon a plea of guilty of identity theft in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and criminal tax fraud in the third degree (Tax Law § 1804) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of identity theft in the first degree (Penal Law § 190.80). We reject defendant's contention in appeal No. 1 that the sentence is unduly harsh and severe. With respect to appeal No. 2, we agree with defendant that his waiver of the right to appeal is invalid because County Court "conflated the right to appeal with those rights automatically forfeited by the guilty plea" (People v Rogers, 159 AD3d 1558, 1558 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]) and mischaracterized the waiver of the right to appeal, leading defendant to believe that the waiver was an absolute bar to taking an appeal (see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). The record therefore does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]) or that he understood that the waiver was not an "absolute bar[] to the pursuit of all potential remedies" (Thomas, 34 NY3d at 566). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020] [internal quotation marks omitted]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court